ELISHA O. FLAGG, petitioner, *vs.* MARY S. O. BADGER & others.

*Life-estate. Lease—construction of.*

If a lease of land be made to a person, " to hold for the term of the life of the said" lessee, " and the life of her husband" named, " and the life of" another person named, the estate is not terminated with the death of the lessee.

ON REPORT.

PETITION FOR PARTITION, dated Feb. 4, 1867, wherein the petitioner claims two-thirds of the premises described in the petition, and introduced sufficient evidence of his title thereto.

The defendant then introduced a lease covering the same premises, dated Sept. 1, 1847, executed by Elisha Odlin as lessor, and by Sarah Flagg as lessee, the material part of which is as follows:

" This indenture, made the first day of September, in the year of our Lord eighteen hundred and forty-seven, witnesseth, That Elisha Odlin, of Salem, in the county of Essex, and Commonwealth of Massachusetts, does hereby lease, demise, and let unto Sarah Flagg, of Hartland, in the county of Somerset, and State of Maine, a married woman, a certain tract of land in said Hartland, and for reference to boundaries and description, see the record of the deed in the Somerset Registry of Deeds, vol. 60, p. 247. To hold for the term of the life of the said Sarah Flagg, and the life of her husband, Levi Flagg, and the life of Mary S. O. Grace, yielding and paying therefor the rent of one wheat corn annually."

It appeared that Sarah Flagg and Levi Flagg, mentioned in the lease, died before the commencement of this petition; that the present defendant, Mary S. O. Badger and Mary S. O. Grace, are the same person; and that the petitioner and defendant are brother and sister.

The presiding judge ruled that the lease gave an interest to Sarah Flagg only, which estate, or term, terminated with her death.

Whereupon it was agreed to report the case, and if the ruling is erroneous, the case to stand for trial.

*D. D. Stewart,* for the defendants.

The lease was not only for the life of Sarah Flagg, but technically *pur autre vie.* 1 Coke on Litt. 41 (*b*); Rosse's Case, 5 Coke's Rep. 13 (*a*); 4 Dane's Ab. 646, c. 130, art. 1; 1 Greenl. Cr. 98, 99; 4 Kent's Com. 26; 2 Bouvier's Inst. 227; 1 Washb. on Real Prop. 90; Mass. Stat. of 1805, c. 90, § 1; Pub. Laws of 1821, c. 38, § 17; R. S. of 1841, c. 93, § 1; R. S. of 1857, c. 75, § 1; Pub. Laws of 1852, c. 295; *Winslow* v. *Goodwin,* 7 Met. 383; *Dalton* v. *Savage,* 9 Met. 28; *Sheffield* v. *Lovering,* 12 Mass. 493; 1 Greenl. Cr. 111, note 1.

*J. H. Webster & T. B. Barrett,* for the petitioner,

Contended that there being no words of inheritance in the lease, the estate terminated at the death of Sarah Flagg. *Jackson* v. *Myers,* 3 Johns. 388, 396; *King* v. *Barnes,* 13 Pick. 24; *Jackson* v. *Davenport,* 18 Johns. 295, and 20 Johns. 537; *Williams* v. *Woodward,* 2 Wend. 487.

TAPLEY, J. On the first day of September, 1847, one Elisha Odlin, by indenture, duly executed, leased, demised, and let unto Sarah Flagg, a certain tract of land in this State, " to hold for the term of the life of the said Sarah Flagg, and the life of her husband, Levi Flagg, and the life of Mary S. O. Grace," who is now Mary S. O. Badger. Sarah Flagg and Levi Flagg died before the commencement of these proceedings.

The presiding judge ruled " that the lease gave an interest only to Sarah Flagg, which estate or term terminated with her death ; " if this ruling is erroneous, the case is to stand for trial.

By the lease there was an estate and interest in the land, granted to Sarah Flagg for the term of the longest of the lives of the three persons named therein.

By the statute of 1821, c. 38, § 17, " when any person shall die seized of any lands, tenements, or hereditaments, or any right

thereto, or entitled to any interest therein in fee-simple, or for the life of another not having lawfully devised the same, the same shall descend," etc.

This provision was reënacted substantially in the several revisions of the statutes made since.   R. S., 1841, c. 93, § 1; R. S., 1857, c. 75, § 1.

Being an interest in lands held for a term extending beyond the life of Sarah Flagg, it was under the laws of this State, not "terminated with her death."

> *Under the agreement of the parties*
> *the case must stand for trial.*

APPLETON, C. J.; KENT, BARROWS, and DANFORTH, JJ., concurred.